WINEBRAKE & SANTILLO, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EVAN RICHARDSON, on behalf of himself and all others similarly situated, | : : : : : | CIVIL ACTION |
| | : | NO. _____ |
| Plaintiff, | : : | |
| v. | : : | |
| | : | (Document Filed Electronically) |
| TFORCE LOGISTICS EAST, LLC | : : | |
| Defendant. | : : | |

## COMPLAINT – CLASS ACTION

Evan Richardson ("Plaintiff") brings this class action lawsuit against

Defendant TForce Logistics East, LLC ("Defendant") for violations of the New

Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq.* and the

New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

## JURISDICTION AND VENUE

1.      Jurisdiction is proper under 28 U.S.C. § 1332(d) because (i) Plaintiff

and members of the proposed class are citizens of states different from that of

Defendant; (ii) there are over 100 members in the proposed class; (iii) Defendant is subject to personal jurisdiction in New Jersey; and (iv) the aggregate damages sought on behalf of Plaintiff and the putative class exceeds $5 million.

2.      Venue is proper under 28 U.S.C. § 1391.

## THE PARTIES

3.      Plaintiff is an adult resident of Philadelphia, Pennsylvania.

4.      Defendant is headquartered in Dallas, Texas.

5.      Defendant operates, *inter alia*, a terminal located in West Deptford, NJ (Gloucester County) where it maintains office space in which various members of Defendant's management team perform work.

## STATEMENT OF FACTS

6.      Defendant is a transportation company that delivers goods throughout New Jersey and the northeastern United States for its customers.

7.      Defendant pays Plaintiff and other drivers (collectively "New Jersey Drivers") to deliver products and merchandise for its customers.

8.      New Jersey Drivers are required to report to one of Defendant's New Jersey terminals each day that they worked to, among other things, interact with the Defendant's management and pick up the products and merchandise that they will be tasked with delivering that day.  New Jersey drivers then transport Defendant's merchandise to their ultimate destination.

9.     Often New Jersey Drivers are required to travel out of the State of New Jersey to deliver the products and merchandise for Defendant.

10.     Defendant has classified its New Jersey Drivers as non-employee independent contractors.

11.     Defendant has required New Jersey Drivers to sign an "Owner/Operator Arbitration Agreement" or similar document designating them as independent contractors.

12.     Defendant has required some New Jersey Drivers to have or form companies as a condition of performing work for Defendant even if they are the sole worker for that entity.

13.     Defendant paid its New Jersey Drivers a piece rate based on the number of deliveries they completed for Defendant.

14.     Plaintiff worked for Defendant as a New Jersey Driver from approximately January 2023 until approximately December 2023.

15.     As a New Jersey Driver for Defendant, Plaintiff reported each day he worked to Defendant's West Deptford, NJ terminal.

16.     As a New Jersey Driver for Defendant, Plaintiff utilized his personal vehicle to make deliveries.  This vehicle had a Gross Vehicle Weight Rating below 10,000 lbs.

17.     As a New Jersey Driver for Defendant, Plaintiff made deliveries in

New Jersey, Pennsylvania and Delaware.

18.    Defendant classified Plaintiff as an independent contractor and paid him a piece rate based on the number of deliveries he completed.

19.    As explained by this Court, "[t]he ABC test presumes that workers are employees and requires putative employers to prove otherwise by satisfying each element of the ABC test." *Portillo v. National Freight, Inc.*, 606 F. Supp. 3d 72, 84 (D.N.J. 2022) (Rodriguez, J.).  As explained in paragraph 20-22 *infra*, Defendant will be unable to satisfy any of these elements.

20.    First, Defendant was in control of the manner in which Plaintiff and other New Jersey Drivers performed their services.  Such control includes, but is not limited to, the following:

  a.  New Jersey Drivers received their assignments from Defendant which dictated the locations they were required to deliver products and merchandise to.

  b.  New Jersey Drivers are required to have their own vehicles to perform delivery services.

  c.  Defendant required New Jersey Drivers to comply with various instructions and directives regarding their work duties.

  d.  Defendant employs managers/dispatchers who have supervisory responsibility over New Jersey Drivers who directed their work.

  e.  New Jersey Drivers received calls from terminal dispatch regarding the delivery services they were providing for Defendant.

  f.  Defendant monitored New Jersey Drivers' work via a GPS tracking system.

g. Defendant required New Jersey Drivers to use Defendant's scanning devices so that deliveries could be tracked and uploaded to Defendant's computer systems.

h. Defendant required New Jersey Drivers to comply with certain directives, such as requiring them to obtain insurance and Defendant would randomly inspect their vehicles.

i. New Jersey Drivers had no control over the amounts charged for their delivery services. They did not negotiate with Defendant's customers regarding the rates charged for their delivery services.

21. Second, the delivery services performed by New Jersey Drivers fall squarely within Defendant's usual course of business. Indeed, New Jersey Drivers are central to Defendant's business as a delivery company. Further, New Jersey Drivers are required to report to one of Defendant's New Jersey terminals and they also perform their delivery services on behalf of Defendant's customers.

22. Third, New Jersey Drivers are not engaged in independently established trades, occupations, professions, or businesses. Rather, New Jersey Drivers generally worked exclusively for Defendant, were dependent upon Defendant for their income, and generally worked full-time, five days (or more) per week.

23. Each week, Defendant makes withholdings from the earnings of New Jersey Drivers. These withholdings are itemized on weekly settlement statements showing their weekly compensation which include, *inter alia*, withholdings for insurance and use of Defendant's scanners. Such withholdings average

5

approximately $75.00 each week.

24.    Plaintiff estimates that he was subject to approximately $3,900.00 of withholdings during his time working for Defendant,

25.    Plaintiff regularly worked more than 40 hours per week for Defendant.  Specifically, he estimates that during a typical week he worked approximately 45-60 hours.

26.    Defendant does not pay New Jersey Drivers any overtime premium compensation for hours worked over forty in a workweek.

## CLASS ALLEGATIONS

27.    Plaintiff brings this action individually on behalf of himself and other individuals who, either individually or through a closely held corporation, performed delivery services for Defendant since August 6, 2019, were based out of one of Defendant's New Jersey terminals, and were classified as independent contractors ("class" or "class members").

28.    Class action treatment of Plaintiff's NJWPL and NJWHL claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

29.    The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

30.    Plaintiff is a class member, his claims are typical of the claims of other class members, and he possesses no interests that are antagonistic to or in conflict with the interests of other class members.

31.    Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

32.    Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

33.    Certification of the class is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### Violation of New Jersey Wage Payment Law
### (N.J. Stat § 34:11-4.2 and § 34:11-4.4)

34.    All previous paragraphs are incorporated as though fully set forth herein.

35.    Plaintiff and other class members are employees entitled to the protections of the NJWPL.

36.     The NJWPL requires that Plaintiff and other class members receive all wages owed.  *See* N.J. Stat. § 34:11-4.2 (the NJWPL requires "every employer [to] pay the full amount of wages due to his employees").

37.     The NJWPL generally prohibits employers, such as Defendant, from making withholdings or diversions from the wages of Plaintiff and other class members except for those withholdings or diversions permitted therein.  *See* N.J. Stat. § 34:11-4.4; *see id.* ("[n]o employer may withhold or divert any portion of an employee's wages.").

38.     As set forth herein, Defendant has misclassified Plaintiffs and other class members as independent contractors when they are actually employees under the NJWPL, thereby entitled to the protection and benefits of these laws.

39.     Defendant violated the NJWPL by failing to pay Plaintiff and other class members all of their wages due, and subjecting them to improper wage withholdings and diversions.

## COUNT II
### Violation of Overtime Violation of Wage and Hour Law
### (N.J. Stat. § 34:11-56a(4))

40.     All previous paragraphs are incorporated as though fully set forth herein.

41.     Plaintiff and other class members are employees entitled to the NJWHL's protections.

8

42.     Defendant is an employer covered by the NJWHL.

43.     The NJWHL provides that employees within the trucking industry shall receive overtime premium compensation in an amount "not less than 1 ½ times the minimum wage required pursuant to this section and N.J.A.C. 12:56-3.1." N.J.S.A. § 34:11-56a4(f).

44.     Defendant violated the NJWHL by failing to pay Plaintiff and certain class members overtime premium compensation for hours worked over 40 hours during the workweek.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seek the following relief:

a. Certify a class pursuant to Rule 23 and appoint Plaintiff and his counsel to represent a class of drivers who were based out of one of Defendant's New Jersey terminals and were classified as independent contractors;

b. Award damages for all withholdings and/or diversions taken from Plaintiff and class members' compensation;

c. Award all overtime wages owed;

d. Award all costs and attorney's fees incurred prosecuting these claims;

e. Award liquidated damages;

f. Award interests and costs; and

g. Such other relief as the Court may deem just and appropriate.

Dated: October 25, 2024

R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Tel: (215) 884-2491
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*Attorneys for Plaintiff*